UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                  :

**GEORGE W. IACOBELLI**,

                    Plaintiff,

                                  :  **MEMORANDUM AND ORDER**

         – against –                    :  24-CV-1458 (AMD) (LB)

**THE CITY OF NEW YORK; MAHMOOD RAMZAN,**

                  Defendants.

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the *pro se* plaintiff George W. Iacobelli's amended complaint, which alleges a violation of his Fourteenth Amendment rights.[1] (ECF No. 7.) For the following reasons, the plaintiff's amended complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On February 23, 2024, the plaintiff filed a complaint against the New York City Department of Buildings ("DOB") and Department of Housing Preservation and Development ("HPD"), alleging a violation of the Fourteenth Amendment's Equal Protection Clause. (ECF No. 1.) The plaintiff alleged that on December 2, 2022, DOB and HPD personnel came to his apartment and "demanded that [he] vaca[te] the premises on the basis of a vaca[te] order #217183," which identified his basement apartment as an illegal dwelling. (ECF No. 1 at 7 (cleaned up).) The plaintiff argued that the order was issued despite the HPD "archives" noting "at least '[s]ix prior complaints" about the apartment building that had not led to any vacate

---

[1] The Court previously granted the plaintiff's request to proceed *in forma pauperis*. (ECF No. 2.)

orders, and despite a "city housing court judge" declining to "compel [the plaintiff's] landlord to make the necessary corrective repairs that would correct the violations of habitability of [his] unit." (*Id.* (cleaned up).) Because the City of New York "housed illegal immigrants in luxury hotels while attempting to force [him]," "a native citizen," "into a shelter system," the plaintiff asserted that the order constituted a "clear violation of my equal protection rights." (*Id.* at 8 (cleaned up).)

On April 11, 2024, the Court dismissed the plaintiff's complaint because HPD and DOB are agencies of the City of New York and cannot be sued. (ECF No. 4 at 3.) Additionally, the Court explained that the action would be dismissed even if the plaintiff had named the City of New York as a defendant, because the "plaintiff has not alleged that the City enforced the vacate order or the shelter housing policy in a discriminatory manner based on an illegitimate motive, or that the discrimination was intentional and purposeful." (*Id.* at 4 (citing *Walson v. City of New York*, No. 22-CV-10002, 2024 U.S. Dist. LEXIS 41409, at *24–25 (S.D.N.Y. Mar. 7, 2024) (citations omitted).) Accordingly, because the plaintiff did "not allege a constitutional violation" the Court dismissed his claim with leave to amend. (*Id.* at 5–6.)

The plaintiff filed an amended complaint on June 10, 2024, this time naming the City of New York and his former landlord, Mahmood Ramzan, as defendants. (ECF No. 7 at 5–6.) The amended complaint again alleges a violation of the Fourteenth Amendment's Equal Protection Clause, based on the December 2, 2022 order to vacate his former apartment. (*Id.* at 1–2.) The plaintiff states that he "was biasedly and forcefully displaced from my residence of 10 years by New York City officials 'while other illegal units in this same building were allowed to remain occupied.'" (*Id.* at 8.) Additionally, the plaintiff alleges that his "'enabler landlord' Mahmood Ramzan deliberately failed to make required repairs demanded by this vaca[te] order purposely

2

to vacate this unit for renovations to gain a more profitable rental," after "'hounding me to move out' for many months!" (*Id.* at 1.) The plaintiff also says that appeared before "a city housing court judge" on November 30, 2022, and Ramzan "expressed racial hatred toward me and also personally threatened me." (*Id.* at 2.) The amended complaint seeks $1,500,00 in damages. (*Id.* at 9.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this assumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

When a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the

3

claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

### I.  City of New York

To establish a viable claim under 42 U.S.C. § 1983,[2] a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States" and that the "deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted).  A plaintiff that seeks to "hold a municipality liable under § 1983," must also allege that "an official policy or custom" of the municipality "cause[d] the plaintiff to be subjected to . . . [the] denial of [the] constitutional right." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 288 (S.D.N.Y. 2019) (quoting *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013)).

Construing the amended complaint liberally, the plaintiff alleges that the City of New York denied him the equal protection of the laws when he "was biasedly and forcefully displaced from my residence of 10 years by New York City officials 'while other illegal units in this same building were allowed to remain occupied!'"  (ECF No. 7 at 8.)  To state a violation of the Equal Protection Clause, the plaintiff must show (1) "purposeful discrimination directed at an identifiable or suspect class," and (2) "that similarly situated people were treated differently." *Leroy v. N.Y.C. Bd. of Elections*, 793 F. Supp. 2d 533, 542 (E.D.N.Y. 2011) (citing *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)).  The amended complaint does not allege that the City enforced the vacate order

---

[2] The amended complaint is construed as alleging a constitutional violation pursuant to Section 1983.

4

in a discriminatory manner based on an illegitimate motive, or that the discrimination was intentional and purposeful. *Walson*, No. 22-CV-10002, 2024 U.S. Dist. LEXIS 41409, at *24–25. (citations omitted). Accordingly, the plaintiff has not alleged a constitutional violation by the government, and his claim against the City of New York must be dismissed.

## II.    Mahmood Ramzan

Under Section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Vega*, 801 F.3d at 87–88. (citations omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)).

The plaintiff has not alleged that Ramzan is a state actor, acted under color of state law or conspired with state actors to violate the plaintiff's rights. Accordingly, his claim against this private individual must be dismissed. *See Hayes v. Henry*, No. 23-CV-9713, 2024 WL 1639521, at *2 (S.D.N.Y. Apr. 15, 2024) (dismissing Section 1983 claim against private landlord); *Waterman v. Nolan*, No. 23-CV-4903, 2023 WL 4134229, at *2 (S.D.N.Y June 22, 2023) (same).

## CONCLUSION

For these reasons, the action is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). In light of its duty to construe *pro se* complaints liberally, the Court has considered whether to grant the plaintiff leave to further amend his complaint but finds that

5

further amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment, close this action, and mail a copy of this Order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                       s/Ann M. Donnelly
                                       _____
                                       ANN M. DONNELLY
                                       United States District Judge

Dated: September 25, 2024
Brooklyn, New York